IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
DOCKET NO. 5:95-CR-32-2BR

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **PROBATION** |
| v. ) | **AGREED ORDER FOR PAYMENT** |
| ) | |
| **Bradley Dean Bidgood,** ) | |
| **Defendant.** ) | |

The undersigned parties agree and stipulate as follows:

1. The judgment defendant, social security number, and address are: Bradley Dean Bidgood, XXX-XX-5822, Raleigh, NC.

2. A judgment was entered against the judgment defendant in this action on January 10, 2000. The total balance due on the judgment is $1,004.42, as of August 10, 2012.

3. The judgment defendant waives services of notice of the application for this Order of Payment pursuant to the Federal Debt Collection Procedures Act of 1990 (FDCPA), and any other process to which the judgment defendant may be entitled under the FDCPA.

4. The parties therefore agree and stipulate to the entry of this Agreed Order for Payment against the judgment defendant. It is expressly agreed and stipulated to by the parties that the defendant shall pay to the United States the sum of 50.00 per month, beginning September 3, 2012, and continuing each month thereafter until the debt is paid in full. Checks should be made payable to: **U.S. District Court,** and mailed to:

> **U.S. District Court**
> **ATTN: Financial Unit**
> **P.O. Box 25670**
> **Raleigh, NC 27611**

5. Nothing in this agreement prevents the United States from pursuing any other remedies it may have to collect the judgment, including without limitation, administrative offsets (including by the Internal Revenue Service), and the judgment defendant specifically consents to the Internal Revenue Service offset. Any payments applied to this claim by the Internal Revenue Service as a result of tax return offsets will be credited as a payment to the existing balance and will not be included as part of the periodic payments, nor will it affect the periodic payments.

Agreed Order for Payment
Bradley Dean Bidgood
Docket No.: 5:95-CR-32-2BR
Page 2

6.  The judgment defendant can, at any time, request an accounting of the funds paid. However, the judgment defendant hereby knowingly waives any rights that he/she may have to any automatic accounting. In the event the above recovery is not sufficient to pay the debt in full, the U.S. Attorney shall be entitled, at any time, to pursue any and all remedies to collect such debt as are allowed by law.

**APPROVED and SO ORDERED this** 21 **day of** August **, 20** 12 **.**

W. Earl Britt
Senior U.S. District Judge

CONSENTED TO:

_____   Date: 8/14/2012
Jeffrey L. Keller
Supervising U.S. Probation Officer

_____   Date: 8/14/12
Bradley Dean Bidgood
Judgment Defendant